OPINION *Page 2 
{¶ 1} On June 8, 2006, John B. Rougeau was found guilty by a jury of possession of cocaine in excess of 1,000 grams, with a major drug offender specification, and of possession of alprazolam in an amount in excess of the bulk amount but less than five times that amount. The court sentenced him to ten years of incarceration, to be served concurrently with sentences imposed in three other cases.
 {¶ 2} On appeal, Rougeau's counsel has filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, wherein counsel represented that, after thorough examination of the record, he was unable to discover any errors by the trial court that were prejudicial to Rougeau. For the following reasons, we affirm Rougeau's conviction and sentence.
 {¶ 3} According to the state's evidence, at approximately 3:24 p.m. on March 28, 2005, Riverside police officers were dispatched to the Microtel Motel at 4500 Linden Avenue on a complaint of narcotic activity in Room 204. An anonymous informant indicated that weapons and drugs were possibly in the room. Officers Tammy Curtis, Angela Jackson, and Greg Schaeublin encountered Stacy Hall in the doorway to Room 204 and two other individuals, Jeffrey Couch and Sherry Spalding, walking down the *Page 3 
hallway. Hall, who had rented the room, allowed Curtis into the room. Hall initially denied that narcotics were present, but Curtis observed powdered cocaine on a table. Hall then pointed out other narcotics in a large duffel bag in the closet. The closet also contained men's clothing. Hall indicated that the drugs and other items in the room belonged to Rougeau, who was across the street at the Arby's restaurant conducting a drug transaction. Hall provided a description of Rougeau to Curtis, who asked dispatch to call Arby's to confirm that a man matching the description was there. Curtis contacted Officers Ron Reardon and Schaeublin and asked them to take Rougeau into custody. Reardon and Schaeublin stopped Rougeau outside of Arby's and frisked him. Reardon retrieved a small knife, a wallet, and a large amount of cash from Rougeau's pockets. Scheaublin went through Rougeau's wallet and found an identification card and a key card to the motel room. Reardon placed Rougeau in his cruiser and brought him, un-handcuffed, to Curtis at the Microtel. Curtis asked Rougeau if he wished to make a statement there; Rougeau declined. Rougeau was placed in Jackson's cruiser, and Jackson transported him to the Montgomery County Jail.
 {¶ 4} On July 26, 2005, Rougeau was indicted with one count of possession of cocaine in an amount greater than 1,000 grams, with a major drug offender specification, and with one count of possession of drugs (alprazolam) in an amount exceeding the bulk amount but less than five times that amount. Rougeau pled not guilty to the charges. On September 13, 2005, Rougeau filed a motion to suppress the product of the stop and frisk, as well as any statement made prior to the issuance of Miranda warnings. The trial court overruled the motion, concluding that the officers had probable cause to arrest Rougeau for possession of cocaine, that Rougeau had been *Page 4 
arrested, and that he was searched incident to a lawful arrest. The court further found that no statements were made at the scene.
 {¶ 5} Rougeau was tried before a jury on June 5-8, 2006. During the trial, the state presented circumstantial evidence that Rougeau had constructive possession of the items in Room 204. That evidence included, inter alia, (1) testimony by Hall, who stated that the cocaine and drugs belonged to Rougeau; (2) Microtel surveillance videotapes showing Rougeau wearing a coat that was found in the room and carrying the duffel bag in which the narcotics were located; (3) the items seized from Rougeau following the frisk, including the sole hotel room key and a large quantity of cash; (4) the items seized from Room 204; (5) testimony that a small baggie of cocaine was subsequently found by a police canine unit near the spot where Rougeau was seized by the officers on March 28, 2005; and (6) evidence that the baggies found in the duffel bag, which had a red apple and "2020 Made in China" printed on them, matched identical baggies in Rougeau's possession on June 2, 2005.
 {¶ 6} At the conclusion of the trial, Rougeau was convicted of both counts, including the major drug offender specification. On July 3, 2006, the court filed a termination entry, sentencing him accordingly. Rougeau filed a timely notice of appeal on July 18, 2006.
 {¶ 7} On January 10, 2007, appellate counsel for Rougeau filed anAnders brief. By order of January 19, 2007, we informed Rougeau that his appointed counsel had filed an Anders brief and of the significance of an Anders brief. We granted him sixty days from January 19 to file a pro se brief assigning errors for review by this court. Rougeau has not filed a pro se brief. *Page 5 
 {¶ 8} In his Anders brief, appellate counsel raised two issues, which he ultimately concluded would be unsuccessful. First, he questioned whether the trial court erred in admitting evidence of Rougeau's drug activity that occurred two months after his arrest on the present charges. Second, he raised whether Rougeau's conviction was against the manifest weight of the evidence. Although not raised by appellate counsel, we note the additional potential arguments that the trial court erred in overruling the motion to suppress and that trial counsel rendered ineffective assistance when he failed to cross-examine four witnesses.
 {¶ 9} Pursuant to our responsibilities under Anders, we have independently reviewed the entire record in this case, including the complete docket, the transcripts of the suppression hearing and of the trial, and the evidence submitted at trial. Having done so, we agree with the assessment of appointed appellate counsel that there are no arguably meritorious issues for appellate review. Specifically, we find no basis to conclude that the items seized from Rougeau following the frisk were inadmissible or that the trial court erred in admitting evidence of the baggie in Rougeau's possession on June 2, 2005. Moreover, we find no arguable basis to conclude that there was a reasonable probability that the outcome of Rougeau's trial would have been different had his counsel cross-examined all of the state's witnesses. Finally, Rougeau's conviction was well-supported by the evidence and, even though it was substantially based upon accomplice testimony, it clearly was not against the manifest weight of the evidence.
 {¶ 10} The judgment of the trial court will be affirmed. *Page 6 
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1